3118-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) |
| Plaintiff, | ) Case No: |
| vs. | ) |
| | ) Judge |
| WALSH CONSTRUCTION COMPANY | ) |
| and the METROPOLITAN WATER | ) Magistrate Judge |
| RECLAMATION DISTRICT OF | ) |
| CHICAGO, | ) |
| Defendants. | ) |

**SCOTTSDALE INSURANCE COMPANY'S COMPLAINT**
**FOR DECLARATORY JUDGMENT**

Plaintiff, Scottsdale Insurance Company, ("Scottsdale"), by and through its counsel, LITCHFIELD CAVO, LLP, hereby submits its complaint for declaratory judgment against defendants, Walsh Construction Company, ("Walsh") and the Metropolitan Water Reclamation District of Chicago,( the "Water District") states as follows:

**INTRODUCTION**

1.      This is an action for declaratory judgment to determine and resolve questions of actual controversy under an insurance policy issued by plaintiff, Luise, Inc.  Defendant Walsh Construction alleges that plaintiff has an obligation to defend and indemnify them as additional insureds under the policy issued to Luise, Inc in connection with a lawsuit, brought by Dallas Shippy, which alleges injuries sustained by Shippy at a premises based on the negligent acts of Walsh Construction, the Metropolitan Reclamation District of Chicago, and McCook Reservoir. ("*Shippy* suit").

2.      Plaintiff disputes it has any obligation to defend and/or indemnify defendants in connection with the *Shippy* suit because, among other reasons, the *Shippy* suit only alleges

liability against Walsh Construction, the Metropolitan Water Reclamation District and McCook Reservoir. There are no allegations of negligence against Luise in the *Shippy* complaint.

## THE PARTIES

3. Plaintiff, Scottsdale Insurance Company ("Scottsdale") is a corporation organized under the laws of Ohio with its principal place of business in Arizona and is an insurance company that is licensed to do business and is doing business in the State of Illinois.

4. Upon information and belief, Walsh Construction is an Illinois corporation which has its principal place of business in Chicago, Illinois, and is a company doing business in the State of Illinois.

5. Upon information and belief, defendant Metropolitan Water Reclamation District Chicago ("Water District") is a municipal corporation and the owner of a reservoir located 7601 South LaGrange Road, Willow Springs, Cook County, Illinois. The Water District is named as a defendant only to the extent that there has been a demand by the Water District or on its behalf that Scottsdale defend and indemnify it against the *Shippy* suit

## JURISDICTION AND VENUE

6. This court has diversity jurisdiction over this action pursuant to 28 USC §1332(a)(1), in that plaintiff is a citizen of Ohio and all defendants are citizens of a state (Illinois) and the amount in controversy is in excess of $75,000.00.

7. Venue is proper in this court pursuant to 28 USC §1391(a) and (c), in that Walsh and the Water District are located in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## UNDERLYING LITIGATION

8. On September 2, 2008, Dallas Shippy filed a lawsuit in the Circuit Court of Cook County in which he sought damages for personal injuries he allegedly sustained as a result of a

2

workplace mishap that occurred on August 31, 2006, at a certain reservoir located at 7601 South LaGrange Road, Willow Springs, Illinois, Cook County.  (See Exhibit A, attached hereto).

9. Upon information and belief, on August 31, 2006, Walsh Construction was the general contractor for construction work being done on a reservoir located at 7601 South LaGrange Road, Willow Springs, Illinois (hereinafter referred to as "the site").

10. Upon information and belief, a company called Luise, Inc., was a sub-contractor for work being done at the aforesaid site.

11. Upon information and belief on August 31, 2006, Dallas Shippy was employed by Luise and was lawfully on the premises.

12. Plaintiff alleges that defendant Walsh, as general contractor for the project, individually and through its agents, servants and employees owed a duty to keep the premises in a reasonably safe condition for the plaintiff and other persons lawfully in and about the reservoir.

13. Shippy alleges that, notwithstanding this duty, Walsh committed the following acts and/or omissions:

- failed to warn and/or signal plaintiff that he was backing up so to avoid impact with plaintiff;
- failed to maintain a proper lookout while backing up so as to avoid impact with the plaintiff;
- negligent acts and/or omissions including failing to make a reasonable inspection of the reservoir;
- failed to warn the plaintiff of dangerous conditions existing within the reservoir.

14. Shippy alleges that defendant Walsh entered into a contract with Metropolitan Water District and McCook Reservoir whereby it was hired as a general contractor to oversee, direct and control the hauling, excavation and sorting of rock, dirt and soil.  Shippy also has alleged that as general contractor, Walsh owed a duty, by and through its agents and servants and employees, to keep the premises in a reasonably safe condition for the plaintiff and other person

lawfully in and about the reservoir and further, not to create or allow any dangerous conditions to exist on or about the premises.  (See page 7 of Exhibit A).

15.     Shippy further alleges claims that the Water District by its employees was negligent and committed one or more of the following acts and/or omissions :

- failed to manage, supervise, and control the work performed at the reservoir so as to ensure a safe work environment;
- failed to make a reasonable inspection of the reservoir and the work performed therein when it knew or in the exercise of ordinary care should have known that an inspection was necessary to prevent injury to plaintiff;
- failed to warn plaintiff of the dangerous conditions existing within the reservoir when defendant knew or in the exercise of ordinary should have known that a warning was necessary to protect plaintiff;
- failed to provide safe and adequate means of travel and transportation  within the reservoir when defendant knew or in the exercise of ordinary care should have known that such means were necessary to prevent injury to plaintiff; (See paragraph 19 of Exhibit "A")

16.     Shippy seeks judgment against Walsh Construction, the Metropolitan Water Reclamation District for a sum in excess of $50,000.00, plus the costs of his action.

17.     During the course of the *Shippy* suit,  Mr.Shippy has made settlement demands in excess of $75,000.00.

## WALSH'S REQUEST FOR COVERAGE

18.     On several occasions Walsh tendered the *Shippy* claim to Scottsdale Insurance Company for defense and indemnity

19.     On April 16, 2009 Scottsdale accepted Walsh's tender but reserved its right to withdraw from the defense on numerous grounds, including but not limited to the ground that no additional insured coverage exists because Shippy's injuries were allegedly caused by the sole negligence of parties other than the named insured, Luise. A copy of Walsh's April 16 letter is attached as Exhibit B.

**THE INSURANCE POLICY ISSUED TO LUISE**

20.  Scottsdale Insurance Company issued a liability policy to Luise effective from 10/15/05 to 10/15/06. A copy of the policy is attached hereto as Exhibit C.

21.  The policy issued to Luise only provides coverage for sums that the insured becomes legally obligated to pay as damages because of "bodily injury" caused by an "occurrence."

22.  The Scottsdale policy contains an endorsement entitled "Blanket Additional Endorsement" that provides in pertinent part: "Coverage is not provided for 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury' arising out of the sole negligence of the additional insured." See Exhibit D.

23.  The Scottsdale policy defines "your work" to mean "work or operations performed by or you on your behalf."

**COUNT I – DECLARATORY JUDGMENT**

24.  Scottsdale Insurance Company hereby re-alleges, reasserts and specifically incorporates by reference paragraphs 1 through 25 as if fully stated herein.

25.  Walsh Construction has demanded that Scottsdale Insurance Company defend and indemnify it as an additional insured under Luise's policy. It is not clear whether there has been a tender of the *Shippy* suit to Scottsdale by or on behalf of the Water District.

26.  Scottsdale's policy designates Luise as the named insured. Walsh and the Water District are additional insureds subject to the terms and conditions of the policy. No coverage is afforded for liability resulting from the sole negligence of an additional insured.

27.  The *Shippy* suit only alleges liability against Walsh Construction, McCook Reservoir, and the Water District resulting from the sole negligence of those entities. There are

5

no allegations of negligence against Luise in the *Shippy* suit.  Based on these factual allegations, there is no coverage under the Scottsdale policy for Walsh Construction or the Water District.

28.     Plaintiff also reserves its rights to rely upon any other provision, term, definition, condition, endorsement, limitation and/or exclusion of the aforementioned policy.

WHEREFORE, the plaintiff, Scottsdale Insurance Company, respectfully requests that this court declare that plaintiff has no obligation to defend or indemnify Walsh Construction and/or the Water District with respect to the *Shippy* suit under the Scottsdale policy, together with any and all other relief deemed appropriate by the court.

                LITCHFIELD CAVO, LLP.

By:     /s/ Patrick J. Ruberry
       Attorneys for the plaintiff,
       Scottsdale Insurance Company

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax