IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTTSDALE INSURANCE COMPANY, )
)
        Plaintiff, )
)
v. ) Case No. 10 C 1565
)
WALSH CONSTRUCTION COMPANY, ) Judge Virginia M. Kendall
)
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Scottsdale Insurance Company ("Scottsdale") filed this Complaint for Declaratory Judgment against Defendant Walsh Construction Company ("Walsh"). The Complaint seeks a judicial determination regarding Scottsdale's alleged obligation to defend and indemnify Walsh as an additional insured under a policy issued to Luise, Inc. ("Luise") in conjunction with an underlying lawsuit brought against Walsh by Dallas Shippy ("Shippy") in the Circuit Court of Cook County, Illinois.[1]

In response to Scottsdale's Complaint, Walsh filed an Answer and Counterclaim. Counts I and III of Walsh's Counterclaim allege that Scottsdale has waived its defenses and is estopped from asserting any defense to its obligations under the insurance policy, and that Scottsdale's failure and refusal to acknowledge its duty to defend Walsh constitutes a vexatious and unreasonable delay under § 155 of the Illinois Insurance Code (215 ILCS § 5/155). In moving to dismiss Count III and the waiver and estoppel claims of Count I of Walsh's Counterclaim for failure to state a claim under

---

[1] Subsequent to the full briefing on the present Motion, Scottsdale amended its Complaint to add a claim for monetary damages against Walsh. The amendment does not appear to affect the substance or the scope of the issues presented by the Motion, which the Court therefore considers on its merits.

Federal Rule of Civil Procedure 12(b)(6), Scottsdale argues that Walsh's waiver and estoppel claims are invalid and that Scottsdale is not liable under § 155 because a bona fide dispute exists over whether or not Scottsdale is required to defend and indemnify Walsh in the state lawsuit. For the reasons stated below, Scottsdale's Motion to Dismiss Count III and the waiver and estoppel claims of Count I of Walsh's Counterclaim is granted with prejudice.

## STATEMENT OF FACTS

The following facts are taken from Walsh's Counterclaim and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). In the underlying state court action, *Shippy v. Metropolitan Water Reclamation District*, Shippy alleged that he sustained injuries as a result of a workplace mishap that occurred on August 31, 2006. (Countercl. ¶¶ 8-9.) Walsh was a contractor and Luise a sub-contractor for construction work that was in progress at the site where the incident occurred. (Countercl. ¶ 6.) Scottsdale had issued an insurance policy (the "policy") to Luise listing Luise as the named insured and including Walsh as an additional insured. (Countercl. ¶¶ 17-18.) The policy was a general liability policy, but stated that coverage would not be not provided for bodily injury, property damage, or personal injury arising out of the sole negligence of an additional insured. (Countercl. ¶ 17, 28; *see* Compl. ¶ 22, Compl. Ex. D.)

Walsh first attempted to tender the *Shippy* claim to Luise and its insurers in May 2008, after Shippy filed suit in the Circuit Court of Cook County. (*See* Countercl. Ex. D.) Walsh made a second tender attempt in October 2008. (*See* Countercl. Ex. E.) In November 2008, Walsh wrote directly to Scottsdale, requesting that Luise and its insurers issue a written acceptance of the tender. (*See* Countercl. Ex. F.) Scottsdale responded four days later, denying Walsh's tender of defense in

2

the *Shippy* lawsuit. (*See* Countercl. Ex. G.) In December 2008, Walsh replied, arguing that the bases for Scottsdale's denial lacked merit and asking Scottsdale to reconsider its position and accept the tender "immediately." (*Id.*) In January 2009, Walsh again wrote to Scottsdale, demanding a response and informing Scottsdale that Walsh would proceed with filing a complaint for declaratory judgment if Scottsdale did not respond within fourteen days. (*See* Countercl. Ex. H.) Walsh wrote to Scottsdale again in early February, memorializing a phone call during which Scottsdale agreed to discuss Walsh's tender and provide a written response within thirty days. (*See* Countercl. Ex. I.) Scottsdale then responded with a letter that again rejected Walsh's tender. (*See* Resp., at 3.) In March 2009, Walsh filed a Complaint for Declaratory Judgment in the Circuit Court of Cook County, asking the court to declare that Scottsdale had a duty to defend Walsh in the *Shippy* lawsuit. (*See* Countercl. Ex. J.) Scottsdale responded by issuing a reservation of rights letter on April 16, 2009, accepting Walsh's tender but reserving its right to withdraw from coverage "on numerous grounds." (*See* Countercl. Ex. K.) The letter specifically reserved Scottsdale's right to deny coverage to the extent that Walsh is held liable in the underlying suit for injury arising out of its sole negligence. (Countercl. ¶ 28.)

Thereafter, Walsh and Scottsdale entered into a Mutual Non-Waiver Standstill and Tolling Agreement wherein Walsh agreed to dismiss its declaratory judgment action in state court. (*See* R. 14, Resp. Br., at 3.) Walsh subsequently dismissed its case against Scottsdale and filed a third-party claim for contribution against Luise in the *Shippy* suit. (*Id.*) In February 2010, Scottsdale informed Walsh that it intended to terminate the Tolling Agreement and withdraw its defense of Walsh in the *Shippy* suit based on an Illinois court's ruling in *National Fire Insurance of Hartford v. Walsh Construction. Co*. (*Id.*) In that case, the First District of the Illinois Appellate Court held that a

subcontractor's insurer had no duty to defend and indemnify where liability resulted from the sole negligence of a general contractor and property owner. *Nat'l Fire Ins. v. Walsh Constr. Co.*, 909 N.E.2d 285, 293 (Ill. App. 2009). On February 8, 2010, Scottsdale withdrew its defense of Walsh in the *Shippy* suit. (Countercl. ¶ 32.) On March 10, 2010, Scottsdale filed the action for declaratory judgment at issue here. The *Shippy* suit is still pending in state court. (*See* Countercl. ¶ 35.)

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint (here, in Walsh's Counterclaim) and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Where there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.*

## DISCUSSION

### I. Count I of Walsh's Counterclaim

Count I of Walsh's Counterclaim asserts that Scottsdale waived its right to deny coverage under the Luise policy and should be judicially estopped from doing so.

4

The waiver issue is easily resolved. Waiver involves the "intentional relinquishment" of a known right and can be implied or express. *See Horning Wire Corp. v. Home Indem. Co.*, 8 F.3d 587, 590 (7th Cir. 2000). An insurer's conduct, as well as its words, can give rise to a waiver. *See id.* (citing *Nat'l Disc. Shoes v. Royal Globe Ins. Co.*, 424 N.E.2d 1166 (1981)). Here, Walsh alleges that "Scottsdale's reservation of rights letter did not reserve the right to withdraw its duty to defend Walsh on the grounds that the Shippy complaint alleged that Walsh was solely negligent." (Countercl. ¶ 29.) Scottsdale's letter, however, clearly states that it "reserves its right to deny coverage to the extent that Walsh is held liable for injury arising out of its sole negligence." (Countercl. Ex. K.) Written instruments attached to a complaint (or counterclaim) are considered to be part of the pleading, *see* Fed. R. Civ. P. 10(c), and a party can plead itself out of court by attaching exhibits to a complaint which indicates that the party is not entitled to the relief it seeks. *See Ogden Martin Sys. of Indianapolis v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999). Exhibit K to Walsh's Answer and Counterclaim unequivocally states that Scottsdale reserved its right to deny coverage, and therefore demonstrates that Scottsdale did not waive that right. Walsh's claim that Scottsdale waived its right to deny coverage on sole-negligence grounds is therefore dismissed.

As to the estoppel claim, estoppel arises in the insurance context when an insured tenders the defense of a claim to an insurer, and the insurer does not either 1) defend under a full reservation of rights or 2) file a declaratory judgment action to determine whether the claim is covered and whether the insurer has a duty to defend. *See Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1133 (Ill. 1999). If an insurer declines to defend and is later found to have wrongfully denied coverage, the insurer is estopped from raising a policy defense to coverage. *Ill. School Dist. Agency v. Pac. Ins. Co., Ltd.*, 471 F.3d 714, 720 (2006) (citing *Employers Ins.*, 708 N.E.2d at 1134-

5

35). In this case, Scottsdale issued a reservation of rights letter on April 16, 2009 and filed this Complaint for declaratory judgment on March 10, 2010. Both the letter and Complaint clearly stated that Scottsdale reserved the right to deny coverage should Walsh be held liable due to its sole negligence. Because Scottsdale took the appropriate steps and therefore did not breach its duty to defend, it is not estopped from raising policy defenses to coverage.

**II. Count III of Walsh's Counterclaim**

Count III of Walsh's counterclaim seeks attorneys' fees and costs under § 155 of the Illinois Insurance Code for both the underlying claim and the present action. (*See* Countercl. § 52.) Section 155 allows courts to award costs and attorneys' fees to an insured when an insurer's actions with respect to a claim are "vexatious and unreasonable." 215 ILCS § 5/155. Thus, Scottsdale's actions or its delay with respect to the claim for coverage in the *Shippy* suit must have been vexatious and unreasonable in order to give rise to § 155 liability.

Whether Scottsdale's conduct was vexatious and unreasonable is a question for the Court's determination. *See Horning Wire Corp.*, 8 F.3d at 590. An insurer's conduct is vexatious and unreasonable when the insurer's behavior was "willful and without reasonable cause." *Citizen First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). If the parties have a bona fide dispute regarding coverage under a policy, however, "statutory sanctions are inappropriate." *Medical Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007). Additionally, sanctions should not be awarded where the insurer has asserted a legitimate policy defense or when the claim presents a genuine legal or factual issue regarding coverage, because the insurer's conduct in that regard is not vexatious and unreasonable. *See Citizens First Nat'l Bank*, 200 F.3d at 1110. Finally, "[b]ecause the statute is penal in nature its provisions must be strictly construed." *Id.*

Here, there is a bona fide dispute over whether Scottsdale is required to insure Walsh for the *Shippy* incident, and Scottsdale has asserted a legitimate defense under the "sole negligence" provision of the policy. That is, a review of the Counterclaim and its attached exhibits reveals that Scottsdale has a good faith basis for its argument that there is no coverage under the policy because the incident at issue in the *Shippy* suit occurred solely as a result of Walsh's negligence. Although Walsh correctly alleges in its sur-reply that the Shippy complaint alleges negligence against multiple parties, Walsh is the only party listed as an additional insured under Scottsdale's policy with Luise and it is possible that Walsh will be found liable for its sole negligence in the *Shippy* suit. The reservation of rights letter clearly states that coverage is not provided for injuries or damage "arising out of the sole negligence of the additional insured." (Countercl. Ex. K.) Even if the other defendants named in Shippy's complaint are found partially responsible for the incident, Scottsdale would not be required to indemnify Walsh so long as all injuries were caused by the sole negligence of parties other than Luise, the named insured.

On the other hand, Scottsdale's failed to respond to Walsh's tender until almost one year after it was initially tendered. Despite multiple requests from Walsh, Scottsdale did not accept defense and issue a reservation of rights letter until after Walsh filed a declaratory judgment in state court. After finally accepting the tender and entering into a Tolling Agreement with Walsh, Scottsdale then quickly changed course, withdrawing its defense and filing a declaratory judgment action of its own in this Court. Despite the fact that Scottsdale's delay in responding to Walsh's tender was undoubtedly frustrating, the fact remains that it was not without "reasonable cause" because a bona fide dispute regarding coverage continues to exist and Scottsdale asserts a "legitimate policy defense." *Citizens First Nat'l Bank*, 200 F.3d at 1110.

Thus, Scottsdale's delay in responding to Walsh's tender was not inherently vexatious or unreasonable under Section 155 because it was not without reasonable cause. Because the parties have a bona fide dispute regarding coverage that will persist until the *Shippy* suit is resolved, Scottsdale has not acted vexatiously and unreasonably under Section 155 and Count III of Walsh's counterclaim is dismissed.

## CONCLUSION AND ORDER

The waiver and estoppel claims in Count I of Walsh's Counterclaim are dismissed with prejudice because 1) Scottsdale did not waive its right to deny coverage under the Luise policy and 2) Scottsdale did not breach its duty to defend, so it is not estopped from raising policy defenses to coverage. Count III of Walsh's Counterclaim is dismissed with prejudice because despite Scottsdale's failure to respond to Walsh's tender in a timely manner, Scottsdale had a reasonable cause for its actions due to the bona fide dispute between the parties regarding coverage under the insurance policy. Scottsdale's Motion to Dismiss Count III and the estoppel and waiver claims of Walsh's counterclaim is granted with prejudice for failure to state a claim.

	_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 27, 2010